**Geneva WILLIAMS, a/k/a Geneva Schnick, Appellant,**

v.

**MFA MUTUAL INSURANCE COMPANY, A Corp., Protective National Insurance Company, A Corp., Respondent.**

No. 46194.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 25, 1983.

---

1. For purposes of this petition we need only consider the privilege as guaranteed by the

Missouri Constitution.

Gordon Neilson, St. Louis, for appellant.

James E. Godfrey, Godfrey, Vandover & Burns, St. Louis, for MFA Mutual.

Anthony Vaiana, Clayton, for Protective Nat. Ins. Co.

DOWD, Chief Judge.

Plaintiff, Geneva Williams, appeals from summary judgments granted in favor of defendants, Protective National Insurance

Company of Omaha (hereinafter Protective) and MFA Mutual Insurance Company (hereinafter MFA) arising out of plaintiff's suit for injuries sustained in a one vehicle accident.

The accident occurred while plaintiff was a passenger on a motorcycle being driven by Charles Schnick (hereinafter Schnick). In her petition, plaintiff alleged she was entitled to recover for her personal injuries under the uninsured motor vehicle provisions contained in policies issued to plaintiff by defendant, MFA, and to Schnick by defendant, Protective. Protective and MFA made separate motions for summary judgment both of which were sustained and plaintiff's petition was dismissed. Plaintiff now appeals contending the trial court erred in sustaining both motions for summary judgment since there was evidence she was covered by both policies. The judgment is affirmed in all respects.

 First we note that Protective contends plaintiff has failed to perfect her appeal by failing to include the notice of appeal in the legal file and by not specifying the exact judgment from which the appeal is taken both in violation of Rules 81.12 and 81.08 V.A.M.R. Protective has already filed a motion to dismiss this appeal for plaintiff's failure to specify the judgment appealed from. This motion was denied. Protective neglected to make any such motion for plaintiff's failure to include the notice of appeal in the legal file and is now attempting to raise it for the first time in its brief. We decline to dismiss plaintiff's appeal for several reasons. First, as to plaintiff's failure to include the notice in the legal file, we fail to see how respondent could have been prejudiced when it obviously knew of the appeal, said notice is in the court file and properly before this court, and entries indicating the notice was received by this court are included in the legal file. Secondly, we cannot see how plaintiff's failure to specify that this appeal is taken from a summary judgment in favor of respondents could be prejudicial to Protective. Plaintiff stated this appeal is from "an appealable order and judgment." Un-

doubtedly, the rules require plaintiff to specify exactly from what judgment the appeal is being taken. Protective, however, was very well aware from what judgment the appeal was taken and there was no confusion between judgments or parties that would cause us to dismiss plaintiff's appeal.

We do not condone plaintiff-appellant's failure to comply with the rules and we may in certain cases dismiss an appeal for violation of the rules or take such other action as justice requires. Rule 84.08 V.A. M.R. As a matter of discretion, however, we will usually undertake a review on the merits where the disposition of the merits is not hampered by the rule violation. This discretion arises from the principle that the law favors a disposition on the merits and the common sense view that the litigants should not be punished for the dereliction of lawyers. Rules should be construed liberally in favor of allowing appeals to proceed. *Sherrill v. Wilson,* 653 S.W.2d 661 (Mo. 1983). Plaintiff's failure to comply with these rules clearly does not hamper our review of the merits and as such we decline to dismiss the appeal.

 The standards by which we review a motion for summary judgment are firmly established. We must scrutinize the record in the light most favorable to the parties against whom the motion was filed and to accord such parties the benefit of every doubt. The burden rests upon the movant to show by unassailable proof that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Groppel Company, Inc. v. U.S. Gypsum Company,* 616 S.W.2d 49, 54 (Mo.App. 1981). *Dunlop v. Howard,* 629 S.W.2d 664, 666 (Mo.App.1982). Rule 74.04(c), (h) V.A. M.R.

Plaintiff first contends she was entitled to recover under the uninsured motor vehicle provision of the policy issued to Schnick by Protective. Protective in its motion for summary judgment contended it was entitled to judgment as a matter of law since plaintiff was not a named insured in the policy and therefore, had no contractual

right to recover from it. In support of this, Protective filed an affidavit and the policy issued to Schnick. Based on this evidence, we find the trial court correctly granted the summary judgment in favor of Protective.

The accident in this case was a one vehicle accident with Schnick as the driver and plaintiff the passenger. Schnick's policy issued by Protective, however, named only Charles Schnick as the insured along with his spouse, if a resident of the insured's household. Schnick's policy clearly exempted all passengers unless a separate premium was paid. As a result, plaintiff argues that the uninsured motorist statute § 379.203 RSMo 1978 should be broadly construed to extend coverage to passengers if the policyholder is deemed uninsured in the remainder of the policy as to those passengers. In *Harrison v. MFA Mutual Insurance Company*, 607 S.W.2d 137 (Mo. banc 1980) the Missouri Supreme Court was faced with a similar issue. In that case, the plaintiffs were the driver's wife and stepdaughter who claimed coverage under the uninsured motorist section of the driver's policy since they were denied coverage under the general liability section on the basis of the household exclusion clause. The court found that the focus of § 379.203.2 RSMo 1978 is on the "uninsured vehicle" and not on whether the owner or operator is an "uninsured motorist" under the circumstances of an accident. As a result, plaintiffs were denied coverage and the household exclusion clause held not to be violative of public policy.

The uninsured motorist statute was intended to cover an insured who is injured as a result of the tortious act of a motorist operating an uninsured motor vehicle. While plaintiff, in the instant case, is correct that Schnick's policy exempted all passengers, the vehicle was covered by a liability policy and as such, Schnick was driving an insured vehicle for the purposes of any uninsured motorist coverage. Moreover, it has been the long standing policy in this state for our courts not to create uninsured motorist coverage where none is applicable. The terms of Schnick's policy clearly show

plaintiff was not a named insured and we cannot rewrite said policy in order to afford her coverage. *Harrison v. MFA Mutual Insurance Company*, 607 S.W.2d at 147. *Surface v. Ranger Insurance Company*, 526 S.W.2d 44, 48 (Mo.App.1975). Accordingly, we find the record provides unassailable proof there was no genuine issue of material fact, that plaintiff was not a named insured, and that as a matter of law, Schnick was driving an insured vehicle.

Plaintiff also contends the trial court erred in granting MFA's motion for summary judgment since the evidence reflects she was entitled to recover under the uninsured motorist provision contained in her policy issued by MFA. First, the uninsured motorist statute has no application in cases where the tortfeasor did have an insurance policy which complied with the requirements of the Motor Vehicle Safety Responsibility Law as is the case here. *See Harrison v. MFA Mutual Insurance Company*, 607 S.W.2d at 145. In dealing with the summary judgment granted in Protective's favor, we determined that Schnick's vehicle was covered by such a policy, and on this basis the summary judgment in MFA's favor must be affirmed.

In order to recover under her uninsured motorist provision, plaintiff must first establish she was injured by the driver of an uninsured motor vehicle. In light of our finding that Schnick was driving a vehicle covered by a valid liability policy, as a matter of law, plaintiff cannot prove this element. Again, the focus of § 379.203 RSMo 1978 is on the vehicle and not whether the driver is uninsured under the circumstances of any particular accident. Having found that Schnick's vehicle was covered by a liability policy, it was so insured for the purposes of any uninsured motorist coverage. Nothing in the Uninsured Motorist Statute requires a different result and the trial court did not err in granting MFA's motion for summary judgment.

Accordingly, the summary judgments granted in favor of both Protective and MFA are affirmed.

SNYDER, P.J., and GAERTNER, J., concur.