**Harold DELAY, Plaintiff,**

v.

**Willard STAHL, et al., Defendants.**

**No. 86–1717C(1).**

United States District Court,
E.D. Missouri, E.D.

Aug. 21, 1987.

---

Eugene H. Fahrenkrog, Jr., St. Louis, Mo., for plaintiff.

E. Michael Murphy, Clayton, Mo., for Stahl.

James C. Ochs, St. Louis, Mo., for Farmers.

### MEMORANDUM

NANGLE, Chief Judge.

■ This matter is before the Court on defendant Farmers & Merchants Insurance Company's motion to dismiss.[1] Because matters outside the pleadings are presented, this motion shall be treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b).

In July 1983, plaintiff, while a passenger in a truck owned by his employer and driven by a co-worker, sustained injuries when the truck collided with another vehicle. The truck was insured by Excaliber Insurance Company at the time of the accident. The Excaliber policy excluded "any bodily injury ... of an employee of the insured arising out of and in the course of their employment." (Farmers Motion to Dismiss, Exhibit A, IV.B.). Excaliber Insurance Company later became insolvent. Plaintiff now seeks to recover for his injuries under the uninsured motorist provision of his personal automobile insurance policy with defendant Farmers & Merchants Insurance Company. The Farmers policy provides uninsured motorist coverage for injuries sustained by plaintiff in an "uninsured motor vehicle". An "uninsured motor vehicle" under the terms of the Farmers insurance policy includes a vehicle which was insured for bodily injuries at the time of the accident, but which later became uninsured because the insurance company covering the vehicle "is or becomes insolvent." (Farmers Motion to Dismiss, Exhibit B, Part E).

■ Although Excaliber became insolvent after the accident, defendant Farmers argues that plaintiff's injuries are not covered by the uninsured motorist provision of the Farmers policy because of the employee exclusion clause in the Excaliber policy. Defendant bases this argument on a portion of the Missouri uninsured motorist statute, Mo.Rev.Stat. § 379.203.2, which provides:

> For the purpose of this coverage, the term "uninsured motor vehicle" shall, subject to the terms and conditions of

---

**1.** Although defendant has labeled its motion a motion to dismiss for lack of subject matter jurisdiction, it essentially states a motion to dismiss for failure to state a claim. The precise title used by the defendant does not prevent the Court from considering the motion according to its substance rather than its form. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1351 at 562 (1969).

such coverage, be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified herein because of insolvency.

Defendant interprets the language "subject to the terms and conditions of such coverage" in § 379.203.2 as referring to the insolvent company's insurance policy. The Court disagrees. That statutory language refers to the terms and conditions of the policy providing the uninsured motorist coverage. *See Harrison v. MFA Mutual Insurance Co.*, 607 S.W.2d 137, 146–147 (Mo. en banc 1980). Nevertheless, the Court does agree with the defendant's conclusion that, because the Excaliber policy excluded coverage for the plaintiff's injuries, plaintiff's injuries are not covered under the Farmers uninsured motorist provision.

In *Williams v. MFA Mutual Insurance Company*, 660 S.W.2d 437 (Mo.App.1983), the plaintiff was injured while a passenger on a motorcycle. The motorcycle was an insured vehicle. However, the policy specifically excluded from coverage all motorcycle passengers. The plaintiff argued that, because the driver's policy did not cover her injuries, the driver was an uninsured motorist, and therefore that her own automobile insurance policy should cover the accident pursuant to the uninsured motorist provision in her policy. In rejecting the plaintiff's argument, the court stated that the focus of § 379.203 is on the " 'uninsured vehicle' and not on whether the owner or operator is an 'uninsured motorist' under the circumstances of an accident." *Williams*, 660 S.W.2d at 440. Because the plaintiff could not show that she was injured by a driver of an "uninsured motor vehicle," the court held that the plaintiff's injuries were not covered under the uninsured motorist provision of her policy. *Id.; Accord Harrison v. MFA Mutual Insurance Co.*, 607 S.W.2d 137, 140 (Mo. en banc 1980).

In the case at bar, the truck was insured by Excaliber at the time of the accident. However, the Excaliber policy, by virtue of an employee exclusion clause, excluded coverage for plaintiff's injuries. Such employee exclusion clauses are valid under Missouri law and meet the requirements of the Motor Vehicle Financial Responsibility law. *See*, Mo.Rev.Stat. § 303.190.5; *Truck Insurance Exchange v. Gilliham*, 659 S.W.2d 16 (Mo.App.1983). The uninsured motorist statute does not apply in cases where the tortfeasor has an insurance policy which meets the requirements of the Motor Vehicle Financial Responsibility law. *Bergtholdt v. Farmers Insurance Company*, 691 S.W.2d 357, 359 (Mo.App.1985); *Williams v. MFA Mutual Insurance Company*, 660 S.W.2d 437, 440 (Mo.App.1983). As in *Williams*, plaintiff in the case at bar was a passenger in an insured vehicle which excluded coverage for injuries sustained by the plaintiff. Thus, if Excaliber were now solvent, plaintiff would not be able to recover from Excaliber because of the employee exclusion clause. In addition, plaintiff would not be able to recover from Farmers under the uninsured motorist provision. *Williams*, 660 S.W.2d at 440.

As Excaliber is now insolvent, under a literal reading of § 379.203.2, the truck would be considered an "uninsured motor vehicle" because the vehicle was insured at the time of the accident, but the insurer later became insolvent. Yet, in creating § 379.203.2 the legislature could not have intended to permit the plaintiff to recover merely because Excaliber became insolvent when the plaintiff could not have recovered under the Excaliber policy or under the Farmers uninsured motorist provision had Excaliber been solvent. *See Harrison v. MFA Mutual Insurance Company*, 607 S.W.2d 137, 145 (Mo. en banc 1980).

Section 379.203.2 is designed to cover situations in which the liability insurer is *"unable* to make payment ... because of insolvency." (emphasis added). It applies to situations where an insurance company would have covered the injuries but cannot because of insolvency. In the case at bar, if Excaliber Insurance Company were now solvent, it would not make payment to plaintiff because of the employee exclusion clause. Likewise, had Excaliber remained solvent, Farmers also would not make pay-

ment to the plaintiff under the uninsured motorist provision. Plaintiff would not have been able to collect from either insurance company. This result does not change merely because Excaliber became insolvent. Plaintiff should not be able to recover merely because of the fortuity of Excaliber's insolvency. Excaliber's insolvency does not change the fact that plaintiff's injuries were sustained in a motor vehicle insured by a policy which excluded coverage for plaintiff's injuries. As this case does not present a situation where Excaliber would have covered plaintiff's injuries, but now cannot because of insolvency, this case is not within the purview of § 379.203.2 and plaintiff cannot obtain coverage under the uninsured motorist provision of the Farmers policy. Accordingly, defendant is hereby granted summary judgment.