**Joe H. HUBBERT, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 99–396L.**

United States Court of Federal Claims.

Dec. 2, 2003.

---

William J. Travis and William C. Dunning, Greensfelder, Hemker & Gale, P.C., St. Louis, Missouri, for plaintiffs.

William J. Shapiro, U.S. Department of Justice, Environment & Natural Resources Division, and Thomas L. Sansonetti, Assistant Attorney General, for defendant. Evelyn Kitay, Surface Transportation Board, of counsel.

## *OPINION*

BRUGGINK, Judge.

This class action involves a suit by 30 persons seeking compensation for the imposition of an easement for recreational trail use on their land. In a related case, we ruled that the government's enactment of the Rails–to–Trails Act [1] ("Trails Act") constituted a compensable taking. *Glosemeyer v. United States,* 45 Fed.Cl. 771 (2000). Pending is defendant's motion for partial summary judgment as to 7 of the 30 claims making up this action,[2] as well as plaintiffs' cross-motion for partial summary judgment as to 3 claims.[3] Oral argument was held on October 9, 2003.

## BACKGROUND

Plaintiffs own properties in Polk and Greene Counties in southwestern Missouri. Each plaintiff owns property that was encumbered by a railroad right-of-way formerly held by the Burlington Northern Railway Company and its predecessors-in-interest (collectively, the "Railway"). In 1983, Congress enacted the National Trails System Act Amendments to the National Trails System Act. 16 U.S.C. § 1241 et seq. (1994). The amendments authorized the Interstate Commerce Commission ("ICC") to approve the transfer of certain railroad rights-of-way from railroad companies to entities willing and able to operate abandoned railroad rights-of-way as recreational trails. *See Preseault v. Interstate Commerce Commission,* 494 U.S. 1, 5, 110 S.Ct. 914, 108 L.Ed.2d 1 (1990). On August 9, 1994, the Railway quitclaimed all its rights, title, and interest in its railroad corridor to Greenways, Inc., as authorized by the ICC, for operation as a recreational trail.

In *Glosemeyer* we held that the preservation of otherwise abandoned railroad rights-of-way for recreational trail use was not a legitimate railroad purpose under Missouri law, and that therefore the operation of the Trails Act constituted a taking of a new easement across plaintiffs' land requiring just compensation under the Fifth Amendment. 45 Fed.Cl. at 772. In order to establish a valid claim, any particular landowner must establish that full use of the fee under-

---

**1.** Pub.L. 98–11, 97 Stat. 48, amending the National Trails System Act, Pub.L. 90–543, 82 Stat. 919 (codified, as amended, at 16 U.S.C. § 1241 et seq. (Supp. II 1996)).

**2.** Claim Nos. 3, 12, 16 (in part), 18, 19, 21, and 29. Claim No. 16 is supported by two deeds, one

dated August 19, 1884, and another dated April 18, 1884. Defendant argues, and plaintiffs concede, that the August 19 deed conveyed a fee interest to the Railway.

**3.** Claim Nos. 3, 21, and 29.

lying the railroad's easement would have been unimpaired but for operation of the Trails Act. *Id.* at 776. If the railroad held a fee interest in the right-of way, or if the abutting landowner held less than the fee, no such right of control would arise, and consequently, no claim will lie. *See Preseault,* 100 F.3d at 1533; *Moore v. United States,* 58 Fed.Cl. 134 (2003).[4] The present motions thus address the nature of the interest held by the Railway in the railway corridor at issue.

Defendant alleges that the Railway acquired a fee interest in the right-of-way across the seven parcels which are the subject of its motion. In their briefs and at oral argument, plaintiffs conceded that this is the case as to Claim Nos. 12, 16, 18, 19, and 21.[5] The only remaining dispute therefore, is as to Claim Nos. 3 and 29.

*I.   Claim No. 3*

■   Claim No. 3 involves property owned by Donnie and Mary Jane Hubbert. On August 30, 1884 Mary and Lafayette Gardner conveyed an interest in a section of their property to the Railway. That portion of the Railway corridor is now claimed by the Hubberts. Defendant contends that the 1884 Gardner deed conveyed fee simple interest in the property to the Railway, while plaintiffs argue that the conveyance transferred only an easement. The relevant section of the deed states:

> That the [landowners], in consideration of the sum of Seventy Five ($75) DOLLARS, to them paid by the [Railway], the receipt of which is hereby acknowledged, do by these presents Grant, Bargain and Sell, Convey and Confirm, unto the [Railway] ... the following described lots, tracts or parcels of land ... A strip of Land One hundred feet wide over and through the [described section] said strip of Land being fifty feet on each side of the center line of the Springfield and Northern Railway as

the same is now Located and partly constructed over and through said land, the same being the right of way for said [Railroad].

In *Moore,* we examined Missouri law concerning the effect of certain language in similar deeds and concluded that "Missouri courts have long favored interpreting grants to railroad companies as easements. In order for a deed to convey fee interest to a railroad the language in the deed must be clear." *Moore,* 58 Fed.Cl. at 136. In order to find that a railroad held only an easement, the deed must have "failed to recite valuable consideration" or "contained language limiting the nature of the interest granted." *Id.* at 137. We noted that one dollar did not constitute valuable consideration. *Id.* at 136–37; *see also Bayless v. Gonz,* 684 S.W.2d 512, 513 (Mo.Ct.App.1984) (concluding that a railroad company held a fee interest in certain property in part because the consideration recited was five dollars, which constituted valuable consideration). Here, the grant recites a consideration of seventy-five dollars. Such a sum is not nominal.

Plaintiffs also argue that the language at the end of the quoted section of the Gardner deed, "the same being the right of way for said [Railroad]," constitutes the sort of limiting language prohibiting us from finding the interest conveyed as anything other than an easement. We disagree. The use of the "right of way" language in the deed is simply descriptive and not intended to limit the interest conveyed. The Missouri Supreme Court has recognized that the phrase "right of way" has "been accorded two meanings in railroad parlance—the strip of land upon which the tract laid—and the legal right to use such strip." *Schuermann Enter., Inc. v. St. Louis,* 436 S.W.2d 666, 669 (Mo.1969). The right-of-way language here appears at the end of the body of the document, textually removed from the granting clauses. The granting clauses themselves express the con-

---

4.  Defendant concedes that plaintiffs have a valid claim if the Railway held an easement.

5.  Initially there had been some dispute over the acreage taken in Claim No. 16, but by the end of briefing, parties were willing to accept a 3.9 acre figure. Additionally, in defendant's opposition to

plaintiffs' cross motion and reply, defendant raises, for the first time, an argument concerning the size of the claim at issue in Claim No. 17. That claim was not the subject of the cross-motions and we therefore make no ruling as to that parcel.

veyance of "lots, tracts or parcels of Land" and "a strip of land." The location of the "right of way" language therefore describes the location of the strip of land and is not a limitation on the interest conveyed. We conclude that the section of the Railway corridor upon which Claim No. 3 is based was conveyed in fee simple to the Railway. Summary judgment is therefore granted to defendant on Claim No. 3.

*II. Claim No. 29*

■ Claim No. 29 involves property owned by Roger and Deanna Casebeer. On August 4, 1884, Eliza and Wesley Grable conveyed an interest in a section of the Railway corridor to the Railway. The Casebeers are the successors-in-interest to the Grable's property, and claim that the conveyance originally made in the 1884 deed conveyed an easement to the Railway, rather than the fee. As in Claim No. 3, the defendant argues that the language of the 1884 deed makes it clear that the Railway held fee interest in the relevant strip of land, preventing any resumption to the Casebeers. The Grable deed, in relevant part, states:

> That the [landowners], in consideration of the sum of One hundred and twenty five dollars [$125] DOLLARS, to them paid by the [Railway] do by these presents Grant, Bargain and Sell, Convey and Confirm, unto the [Railway] and her assigns, the following described lots, tracts, or parcels of Land, lying being and situate in the County of Polk and State of Missouri, to-wit: a strip of Land one hundred feet wide over and through the [described section] said strip of land being fifty feet on each side of the center line of the Springfield and Northern Railway as the same is now permanently located and staked off over and through said Lands, said strip of land being the right of way for said Railway Company....
>
> TO HAVE AND TO HOLD the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging, or in anywise appertaining, unto the said [Railroad] and her assigns forever; the said [landowners] hereby covenanting that they are lawfully

seized of an indefeasible estate in fee in the premises herein conveyed; that they have good right to convey the same; that the said premises are free and clear of any incumbrances done or suffered by them or those under whom they claim; and that they will Warrant and Defend the title to the said premises unto the [Railway], and unto her assigns, forever, against the lawful claims and demands of all persons whomsoever.

The relevant language in the Grable deed is virtually identical to the language in the Gardner deed. In exchange for $125 consideration, the Grables conveyed a "strip of land" to the Railway. For the same reasons we found the Gardner deed to have conveyed a strip of land in fee to the Railway, we also find that the Grable deed here conveyed fee interest. The deed recites valuable consideration and contains no limitation on the interest conveyed. Under Missouri law, the "right of way" language found in the deed simply provides a means of identifying the relevant property. Claim No. 29 therefore should be dismissed.

## CONCLUSION

For reasons stated above, the defendant is granted summary judgment as to Claim Nos. 3, 12, 16, 18, 19, 21, and 29. Plaintiffs' motion is denied. Claim Nos. 3, 12, 18, 19, 21 and 29 are dismissed. Claim No. 16 is dismissed to the extent it relies on the August 19, 1884 deed. Final judgment will be deferred pending resolution of all claims.