In the Matter of CATHRYN L. NEALS, Respondent, *v.* ALLSTATE INSURANCE COMPANY, Appellant.

Third Department, June 2, 1970.

*Mullarkey, Horigan & Harrigan* (*Clifford T. Harrigan* of counsel), for appellant.

*Parisi & De Lorenzo* (*Thomas E. De Lorenzo* of counsel), for respondent.

GREENBLOTT, J. This is an appeal from an order of the Supreme Court at Special Term, entered April 28, 1969 in Schenectady County, which denied a motion for a stay of arbitration.

Claimant was involved in an automobile accident in New York with two other automobiles, one, registered in Louisiana, but operated and insured in North Carolina for that State's minimum limits of $5,000 and $10,000. Claimant has a policy of

insurance with appellant, which contains the standard form uninsured automobile coverage.

Pursuant to the policy, respondent served a notice of a demand for arbitration on appellant, and also commenced a separate legal action against both drivers. Appellant then moved for a stay of arbitration. Special Term determined that appellant was properly served with copies of the summonses and complaints in the other action, that the North Carolina automobile was uninsured, and that appellant failed to show evidentiary facts requiring a stay.

The primary question on this appeal is whether a motorist who is insured for the minimum limits in another State, but for less than the minimum limits in New York, is uninsured for the purposes of sections 167 and 601 of the Insurance Law. *Matter of Buglione* (MVAIC) (32 A D 2d 525) is dispositive of this question. The driver in that case was also insured in North Carolina for the minimum limits of $5,000 and $10,000, rather than $10,000 and $20,000 as required by New York. Referring to the policy of the Motor Vehicle Accident Indemnification Corporation Law, the court held that the vehicle was uninsured and that the driver was a "financially irresponsible motorist", entitling claimant to arbitration on the uninsured motorist clause of his policy. In our view this result is sound since the legislative purpose behind the Motor Vehicle Accident Indemnification Corporation Law is to protect persons who are injured by financially irresponsible motorists (*Matter of Vanguard Ins. Co.* [*Polchlopek*], 18 N Y 2d 376) from the financial burden this lack of coverage might impose. The statute is to be liberally construed (*Matter of Taub* [MVAIC], 31 A D 2d 378) in order to effectuate the purpose of affording a person injured in an accident involving an uninsured driver the same protection that he would have if he had been involved in an accident caused by an automobile covered by a standard New York State automobile liability insurance policy. Financial responsibility entails coverage with minimum limits of $10,000 and $20,000 (Vehicle and Traffic Law, § 311, subd. 4, par. [a]). To the extent that the respondent's recovery from the other motorist, or any other source, must be less than these minimum limits, therefore, the uninsured motorist coverage carrier is liable.

The remainder of appellant's contentions have been examined and found to be without merit.

The order should be affirmed, with costs.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and COOKE, JJ., concur.

Order affirmed, with costs.