Constance **BERGTHOLDT,** Amanda J. Bergtholdt, a minor, and Terry John Bergtholdt, a minor, b/n/f Constance Bergtholdt, **Plaintiffs-Respondents,**

v.

**FARMERS INSURANCE CO., INC.** Defendant-Appellant.

No. 48227.

Missouri Court of Appeals, Eastern District, Division Three.

April 9, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1985.

Application to Transfer Denied June 25, 1985.

Daniel J. McMichael, Fitzsimmons & Fitzsimmons, Clayton, for defendant-appellant.

John W. Reid, II, Schnapp, Graham, Reid, Fredericktown, for plaintiffs-respondents.

DOWD, Presiding Judge.

Defendant-appellant, Farmers Insurance Co., Inc. appeals from an adverse judgment awarding plaintiffs-respondents $75,000 damages on two insurance policies. Each policy contained uninsured motorist coverage of $25,000 per person and $50,000 per occurrence (25/50). We affirm.

We note our standard of review as that of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Hence, we may reverse the trial court only if its judgment is unsupported by or against the weight of the evidence, or is based on an erroneous declaration or application of the law. Since all material facts of this case have been stipulated by the parties, our review of this appeal is limited to the trial court's conclusions of law.

As for the material facts, Constance Bergtholdt was a passenger in a car driven by her husband, Terrance J. Bergtholdt when it was involved in an accident with a car driven by David J. Meyer. Meyer caused the accident due to his intoxicated condition at the time. As a result, Terrance and two other passengers in the Bergtholdt car died from injuries sustained in the accident. Constance Bergtholdt, who was pregnant at the time, sustained disabling injuries to herself as well as her unborn child. Damages to Constance and her two children [1] were stipulated to be in excess of $100,000.

The Bergtholdts owned two automobiles on which they held insurance policies issued by appellant. Each policy contained

---

1. Mrs. Bergtholdt gave birth to Terry J. Bergtholdt on March 1, 1982, six months after the accident. The child was born with birth defects caused by the accident. The Bergtholdts had one other child, Amanda J. Bergtholdt who was also joined as a plaintiff on a wrongful death theory of recovery.

uninsured motorist coverage of 25/50. Meyer also held insurance on his automobile which included similar liability coverage of 25/50. Meyer's insurance company settled with Constance Bergtholdt for $25,000 with the remaining $25,000 of coverage paid to the survivors of the other passengers in the Bergtholdt car killed in the accident.

In its judgment, the trial court stacked the uninsured motorist coverage in the Bergtholdt policies. In effect, this gave them coverage of 50/100. The trial court further reduced the coverage by the $25,000 received in the settlement to reach its award of $75,000 for the Bergtholdts against the appellant.

On appeal, appellant contends the trial court erred in concluding that coverage was available to the Bergtholdts from their insurance policies with appellant and that if coverage was still available it was limited to $50,000. Notwithstanding appellant's contentions, this appeal concerns the seminal issue whether Meyer's liability coverage precludes the Bergtholdts' uninsured motorist coverage from taking effect. We believe that it does not.

Initially, appellant argues that the uninsured motorist coverage in its policies should not be stacked to provide 50/100 of coverage. Appellant reasons that the terms of the policy should apply because the coverage stacked is not required by statute; however, § 379.203 RSMo Cum. Supp.1984 mandates the inclusion of uninsured motorist coverage consistent with the provisions of the Motor Vehicle Safety Responsibility Law Chapter 303. Currently, the required coverage consists of $25,000 bodily injury or death of one person in any one accident to a limit of not less than $50,000 bodily injury or death of two or more persons in any one accident. § 303.030.5. Hence, the Bergtholdts' uninsured motorist coverage is statutorily required and does comply with the mandated amount.

Stacking uninsured motorist coverage in two different policies has been permitted since *Cameron Mut. Ins. Co. v. Madden,* 533 S.W.2d 538 (Mo. banc 1976) *citing with approval Galloway v. Farmers Ins. Co.,* 523 S.W.2d 339 (Mo.App.1975) from the Western District Court of Appeals.

■ Unlike the case at bar, in *Galloway* the negligent motorist carried no liability insurance. *Id* at 340. However, this factor did not determine whether the uninsured motorist coverage in the two policies may be stacked. Public policy as declared in § 379.203 mandates that when an insured has two separate policies containing uninsured motorist clauses, effect shall be given to both coverages without reduction or limitation by policy provisions, and that both coverages are available to those insured thereby. *Cameron Mut. Ins. Co.,* 533 S.W.2d at 542 *accepting the premise of Galloway.* As a result, simply by holding a policy on each of their two automobiles, the Bergtholdts carried $50,000 per person/$100,000 per occurrence of uninsured motorist coverage.

■ As to the effect of Meyer's liability coverage, the law is clear that the uninsured motorist statute has no application in cases where the tortfeasor did have an insurance policy which complied with the requirements of the Motor Vehicle Safety Responsibility Law. *Williams v. MFA Mut. Ins. Co.,* 660 S.W.2d 437, 440 (Mo. App.1983) *relying on Harrison v. MFA Mut. Ins. Co.,* 607 S.W.2d 137, 145 (Mo. banc 1980). Meyer's policy did comply with the mandates of § 303.190.2(2) in that his motor vehicle was insured with 25/50 liability coverage. Thus, the requirements of §§ 379.203 and 303.030 have been satisfied and appellant would have no obligation to pay pursuant to these statutes. However, this does not preclude a contractual obligation to pay pursuant to the terms of their insurance policies with the Bergtholdts.

Under the Bergtholdts' policies, the appellant defined the term "uninsured motor vehicle" in the following clause:

The definition of Uninsured Motor Vehicle under the Uninsured Motorist Coverage is amended to include a motor vehicle where there is bodily injury liability insurance or an applicable bond at the time of accident, but in amounts *less than the limits carried by the insured under Uninsured Motorist Coverage* (emphasis added).

Basically, this emphasized language expands the concept of uninsured motorist to include an *underinsured* motorist. Hence, the Bergtholdts uninsured motorist coverage will take effect because Meyer's bodily injury liability insurance of 25/50 is in amounts less than their 50/100 amount of uninsured motorist coverage. Appellant argues that if such is the case their exposure is limited to simply 25/50 due to another provision in their policy. Policy endorsement E–235 reads: "The amount of bodily coverage under the uninsured motorist coverage of this policy shall be reduced by the amount of any other bodily injury coverage *available* to any party held to be liable for the occurrence." (Emphasis ours). The effect of such an endorsement would be to limit the Bergtholdts' uninsured motorist coverage to 25/50. We disagree.

This court realizes that public policy prohibits anti-stacking and limiting clauses regarding uninsured motorist coverage. *Cameron Mut. Ins. Co., supra.* Even though Meyer possessed the statutorily required bodily liability coverage, he was an uninsured motorist as defined by appellant's insurance policy. Therefore, E–235 may not limit the Bergtholdts' recovery under the uninsured motorist provisions of their coverage.

The Bergtholdts purchased 50/100 of uninsured motorist coverage which assures them $100,000 maximum protection against losses caused by motorist like Meyer. Since this protection may not be limited through E–235, appellants maximum potential liability remains $100,000. Because Meyer's insurance company paid the Bergtholdts $25,000, appellant's liability is reduced to $75,000.

Judgment affirmed.

CRIST and CRANDALL, JJ., concur.