Ronald COOK and Patricia Cook, his wife, Plaintiffs-Appellants,

v.

Ronald PEDIGO, Defendant ad Litem for Daryl Dean Rector, deceased, and Cameron Mutual Insurance Company, Defendants-Respondents.

No. 50181.

Missouri Court of Appeals, Eastern District, Southern Division.

Aug. 26, 1986.

**950**

Robin E. Fulton, Maurice B. Graham, Schnapp, Graham & Reid, Fredericktown, for plaintiffs-appellants.

David M. Remley, Donald L. Dickerson, Thomasson, Dickerson, Gilbert & Cook, Cape Girardeau, for defendants-respondents.

GARY M. GAERTNER, Judge.

Plaintiffs brought this action against Ronald Pedigo, defendant ad litem for decedent Daryl Dean Rector, to recover damages for injuries sustained when plaintiffs' vehicle was struck by an automobile operated by decedent. Plaintiffs thereafter

amended their petition to include their own automobile liability insurer, Cameron Mutual Insurance Company, as a defendant. Plaintiffs alleged that Cameron Mutual could be held liable for plaintiffs' injuries under the uninsured motorist coverage in plaintiffs' policy. Cameron Mutual then filed a motion to dismiss plaintiffs' petition, arguing that it could not be liable for plaintiffs' injuries because decedent was covered by automobile liability insurance at the time of the accident, and that he was not, therefore, an "uninsured motorist." Plaintiffs argued in opposition that decedent was an uninsured motorist because his insurance was less than the minimum amount required under Missouri law. The trial court thereafter granted the motion and dismissed Cameron Mutual from the case on the ground that decedent "was insured and was not an uninsured motorist, nor was he driving an uninsured motor vehicle...." Plaintiffs appeal from that dismissal. We reverse and remand.

It is undisputed, for purposes of this appeal, that decedent negligently operated his automobile on March 23, 1983, so as to strike plaintiffs' vehicle and cause injury to plaintiffs. It is also undisputed that at the time of the accident decedent carried automobile liability insurance in the amount of $10,000 per person and $20,000 per accident, which is less than the minimum amount required under the Motor Vehicle Safety Responsibility Law, § 303.030.5 RSMo Cum.Supp.1984. That section provides that any automobile liability insurance policy issued by an insurance company authorized to do business in Missouri must provide coverage in an amount not less than $25,000 per person and $50,000 per accident.

The sole question on this appeal is whether a tortfeasor who carries automobile liability insurance in an amount less than the statutory minimum can be considered an uninsured motorist under § 379.203 RSMo Cum.Supp.1984.[1] (Unless

---

1. Section 379.203 does not define "uninsured" or "uninsured motorist," but does provide:

1. No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle

otherwise indicated, all subsequent statutory references refer to RSMo Cum.Supp. 1984.) Cameron Mutual contends that this issue was conclusively decided by this court in *Brake v. MFA Mutual Insurance Co.,* 525 S.W.2d 109 (Mo.App.1975). In that case, plaintiff's husband was killed in an automobile accident in which several other persons were also killed or seriously injured. The negligent driver's automobile liability insurer interpled $20,000 into court, which was the limit of the tortfeasor's policy. This amount complied with what was then the statutory minimum under Missouri law. *See* § 303.030 RSMo 1969. The trial court then prorated this amount among the various claimants, and plaintiff was awarded $4,000.

The plaintiff in *Brake* thereafter sued her husband's automobile liability insurer to recover under the uninsured motorist coverage provision in his policies. The trial court granted the insurer's motion for summary judgment and the appellate court affirmed, holding that the tortfeasor was not an "uninsured motorist" because his vehicle was covered by a liability insurance policy that complied with the minimum statutory requirements. The court adopted a very narrow construction of the statutory provisions for uninsured motorist protection, holding that the term "uninsured motor vehicle," as used in § 379.203.1, referred exclusively to a vehicle that was not insured in any manner. The court further explained:

No exception was made by the General Assembly for the protection of an injured party where multiple claims reduce his participation in the proceeds of the tortfeasor's policy. There are several other conceivable fact situations in which the general public policy of the Uninsured Motorist Law may be frustrated but for which the General Assembly has made no provision. For instance, ... *where*

*the tort-feasor's policy is issued in an amount less than the limits prescribed by the Safety Responsibility Law....*
525 S.W.2d at 113 (emphasis added).

The *Brake* court's assertion that an underinsured motorist cannot qualify as an uninsured motorist under § 379.203.1 went far beyond the particular factual situation before the court, given that the tortfeasor in that case was not underinsured. That assertion thus clearly constitutes obiter dictum. *State ex rel. Robb v. Shain,* 347 Mo. 928, 931–32, 149 S.W.2d 812, 814 (1941). We are mindful of the rule that "[a]ny reported opinion should be read in the light of the facts of that particular case, and it would be unfair as well as improper 'to give permanent and controlling effect to casual statements outside the scope of the real inquiry.'" *State v. Miles Laboratories, Inc.,* 365 Mo. 350, 364–65, 282 S.W.2d 564, 573 (banc 1955), *quoting Rauch v. Metz,* 212 S.W. 353, 357 (Mo. banc 1919). This rule is especially applicable when the court cites no authority to support its dicta, *in re Incorporation of the City of River Bend,* 530 S.W.2d 704, 707 (Mo.App.1975), which the *Brake* court did not. We must, therefore, disagree with Cameron Mutual's contention that the *Brake* decision is dispositive of the issue now before us.

No other reported Missouri decision has considered whether an underinsured automobile—that is, one that is covered by liability insurance, but in an amount less than the statutory minimum—may be an uninsured motor vehicle. We are thus faced with the task of resolving this issue in light of the applicable statutory provisions, the relevant public policy considerations, and similar cases from other jurisdictions.

In construing the statutory provisions at issue we must adhere to the primary rule of statutory construction, which is to ascertain the intent of the legislature

shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits for bodily injury or death set forth in section

303.030, RSMo, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

from the language used, to give effect to that intent if possible, and to consider words used in the statute in light of their plain and ordinary meaning. *Harrison v. MFA Mutual Insurance Co.*, 607 S.W.2d 137, 143 (Mo. banc 1980). In determining legislative intent, the provisions of the entire statute must be construed together and, if reasonably possible, all the provisions must be harmonized. *Collins v. Director of Revenue*, 691 S.W.2d 246, 251 (Mo. banc 1985). We must, however, refrain from adding provisions under the guise of construction if they are not plainly written or necessarily implied from the words used. *Wilkinson v. Brune*, 682 S.W.2d 107, 111 (Mo.App.1984).

■ Section 379.203.1 requires that all automobile liability insurance policies issued in Missouri must provide uninsured motorist protection in an amount "not less than" the minimum liability requirements under § 303.030.5. *See Bergtholdt v. Farmers Insurance Co., Inc.*, 691 S.W.2d 357, 359 (Mo.App.1985). This provision demonstrates the legislature's intention to allow any insured motorist who is injured by a negligent and financially irresponsible motorist to recover at least this statutory minimum amount. This legislative intent would be thwarted by a rule that precluded a claimant from recovering under his uninsured motorist protection because the tortfeasor carried less than the statutory minimum amount of insurance. We conclude, therefore, that an underinsured motorist should be considered an uninsured motorist—and an underinsured motor vehicle should be considered an uninsured motor vehicle—for purposes of Missouri's uninsured motorist protection statute, § 379.-203.1.

■ Cameron Mutual, following the *Brake* court's lead, reaches an opposite conclusion by construing the term "uninsured" to include only those motorists and motor vehicles that are completely devoid

of insurance coverage. We cannot adopt this narrow and cramped construction of the statutory language. Section 379.203.1 should be liberally construed to accomplish its highly remedial purpose, which is "to provide recompense to innocent persons injured by motorists who lack financial responsibility." *Steinhaeufel v. Reliance Insurance Cos.*, 495 S.W.2d 463, 466 (Mo. App.1973). We note, moreover, that

> [t]he underlying public policy which prompted enactment of this statute was to give persons insured by such coverage, when injured by an uninsured motorist, protection parallel to that which they would have had if they had been injured in an accident caused by a motor vehicle covered by the minimum liability requirements of the financial responsibility law.

*Otto v. Farmers Insurance Co.*, 558 S.W.2d 713, 717 (Mo.App.1977). Consistent with this public policy, we hold that an injured motorist may recover under his uninsured motorist coverage if his injury is caused by an underinsured motorist. This recovery is limited to the difference between the tortfeasor's liability insurance and the minimum liability requirements under the Safety Responsibility Law, § 303.-030.5.

Other jurisdictions that have considered this issue in similar factual contexts have uniformly reached the same conclusion. *See generally Annot.*, 24 ALR4th 13 (1983).[2] For instance, in *Taylor v. Preferred Risk Mutual Insurance Co.*, 225 Cal.App.2d 80, 37 Cal.Rptr. 63 (1964), the court perceived an obvious conflict between a statutory provision defining "uninsured motor vehicle" as one to which "there is no bodily injury liability insurance * * * applicable at the time of the accident," and a provision requiring automobile liability policies to include uninsured motorist protection in an amount at least equal to that required under California's financial re-

---

**2.** The annotation observes that, apart from the dictum in *Brake*, "no case has been found denying recovery under an uninsured motorist policy when the tortfeasor carried some liability insurance, but with limits less than the statutory minimum...." 24 ALR4th at 19 n. 10, 22 n. 11, 26 n. 18.

sponsibility law. *Id.* at 63–64. The court resolved this conflict by construing the provision defining "uninsured motor vehicle" to include within its definition an underinsured motor vehicle. The court observed that to adhere literally to the statutory definition of uninsured motor vehicle would allow the injured person's insurer to disclaim liability so long as the financially irresponsible tortfeasor had any insurance, even as little as $1.00. Such an interpretation would have been contrary to the declared legislative and judicial policy of California, which "is to give monetary protection to those who, lawfully using the highways, suffer injury through negligent use of the highways by others." *Id.* at 64.

A New York court reached a similar conclusion in *Neals v. Allstate Insurance Co.,* 34 A.D.2d 265, 311 N.Y.S.2d 315 (1970). The court stated that the legislative purpose underlying New York's uninsured motorist statute was to give persons who are injured by financially irresponsible motorists the same protection they would have had if they had been involved in an accident caused by a financially responsible motorist. A financially responsible motorist, the court determined, was one covered by a policy meeting statutory minimum liability requirements. The court thus held that the claimant's uninsured motorist coverage carrier could be held liable to the extent that the tortfeasor's insurance coverage was less than the statutory minimum limits. *Id.* at 317.

Given our foregoing discussion of Missouri law and cases from other jurisdictions, we hold that plaintiffs in the instant case should be permitted to proceed with their cause of action and to recover whatever damages they can prove up to the minimum liability requirements under § 303.030.5. Cameron Mutual may be held liable in damages to the extent that decedent's insurance coverage is less than plaintiffs' damages, but not to exceed the statutory limits. We thus reverse the trial court's order dismissing Cameron Mutual and remand this action to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

REINHARD, P.J., and CRIST, J., concur.