**Lois Lorraine GENESER, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.**

**No. WD 41601.**

Missouri Court of Appeals,
Western District.

Oct. 17, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 1990.

Application to Transfer Denied
May 15, 1990.

---

S.W. Longan, III, Patricia L. Lear–Johnson, Kansas City, for appellant.

Patrick C. Cena; Phillip B. Grubaugh, Kansas City, for respondent.

Before CLARK, P.J., and LOWENSTEIN and BERREY, JJ.

**LOWENSTEIN, Judge.**

The single issue in this case is will the courts override policy language and declare public policy to allow the "stacking" of multiple insurance policies which contain optional *underinsured* motorist coverage clauses which contain "other insurance" provisions. Basically, a motorist can purchase underinsurance coverage from his insurance company to pay for losses incurred because another negligent driver's insurance is insufficient to cover this or her actual loss. The trial court dismissed Geneser's petition for declaratory judgment, and disallowed stacking.

■ Harry Geneser was killed in an accident while driving a vehicle owned by his son and insured by American Family Mutual Insurance Company. The American Family policy had an underinsured provision for $100,000 in coverage, with an "other insurance" clause relating to the existence of similar under-insurance coverage in other applicable policies. Harry, and his widow Lorraine, had a policy with the respondent, with $100,000 in underinsurance coverage on their car. The respondent's policy had an underinsured clause similar to the American Family policy which made it excess to another policy and bound State Farm to pay on an amount that exceeded the primary coverage of the other party.[1]

The tortfeasor who was insured for the statutory minimum of $25,000, confessed judgment for $225,000. American Family paid the $100,000 limit on the underinsured coverage in its policy. State Farm relied on the plain language of its "Other Insurance" provision to deny payment since its policy did not exceed the coverage and payment from American Family.

Section 379.203, RSMo 1986 requires liability carriers to put a provision in their contracts to pay $25,000 if the person who injured the insured does not have insur-

---

1. The respondent, during oral argument suggested the Geneser's policy with State Farm was an "Iowa policy" and Iowa law governed. Nothing in the pleadings or suggestions at the trial level, nor in the briefs on this appeal even hinted at this Iowa connection. New points by an appellant raising new objections, not addressed at trial will not be reviewed. *Fredericks v. Red–E–*

*Gas Company,* 307 S.W.2d 709, 715 (Mo.App. 1957). The same should hold true for a matter such as this now raised at argument by a respondent, therefore the case is reviewed on the basis of Missouri law applying to a Missouri policy, as was the assumption in the circuit court.

ance. *See* § 303.030. In *Cameron Mutual Ins. Co. v. Madden,* 533 S.W.2d 538 (Mo. banc 1976), our supreme court held the public policy as declared in § 379.203 mandates where an insured has separate policies containing uninsured motorist clauses, effect shall be given to both coverages without reduction and limited to recovery of damages suffered. *Id.* at 544–45. In *Hines v. Government Employees Ins. Co.,* 656 S.W.2d 262 (Mo. banc 1983), the court explained the reasons behind the allowance of stacking in case of several policies containing uninsurance coverage but with language making that policy excess or containing other insurance exclusions.

Cameron Mutual implies from § 379.203 a limitation on the freedom of contract between an insurance company and its customers. The General Assembly, of course, is free to place restrictions on the power to contract.

Cameron Mutual was based on public policy implied from the governing statute. We made an exception to the normal rule of freedom to contract because of this public policy. The implied restriction, however, should not go further than is strictly necessary to serve the statutory policy.

*Id.* at 265.

What the appellant asserts is the same declaration of public policy overriding policy language and allowing stacking in uninsured cases, *Bergtholdt v. Farmers Insurance Co., Inc.,* 691 S.W.2d 357, 359 (Mo. App.1985), be applied to underinsured cases. She acknowledges the legislature has not mandated underinsured motorist coverage in Missouri policies, but says the same public policy consideration applies to underinsured cases. She says both uninsured and underinsured insurance are designed to protect individuals from financially irresponsible motorists.

■ Reluctantly, the appellant's argument is rejected. The rationale behind the language in *Hines, supra,* controls. The general assembly makes the insurer provide and the insured pay for a minimum $25,000 worth of insurance in case negligent fellow motorists don't have insurance.

If a motorist wants more coverage to protect against underinsured tortfeasors that coverage is optional. If that extra underinsured coverage contains "other" insurance or "excess" exclusionary language there is no brooding state public policy to strike down the exclusions and permit stacking. Despite the appellant's citation to *Cook v. Pedigo,* 714 S.W.2d 949 (Mo.App.1986), that case does not benefit her argument. In *Cook,* the sole question was whether a tortfeasor who carried less than the $25,000 statutory minimum for liability insurance was an "uninsured" motorist, § 303.030 *supra.* The tortfeasor had only a $20,000 policy, so the injured plaintiff attempted to collect under his policy under the uninsured motorist provision. The court rejected this argument using the following language which Geneser interprets as authority to exhibit a public policy to allow stacking in underinsured factual situations, the same as in uninsured situations.

Section 370.203.1 requires that all automobile liability insurance policies issued in Missouri must provide uninsured motorist protection in an amount "not less than" the minimum liability requirements under § 303.030.5. *See Bergtholdt v. Farmers Insurance Co., Inc.,* 691 S.W.2d 357, 359 (Mo.App.1985). This provision demonstrates the legislature's intention to allow any insured motorist who is injured by a negligent and financially irresponsible motorist to recover at least this statutory minimum amount. This legislative intent would be thwarted by a rule that precluded a claimant from recovering under his uninsured motorist protection because the tortfeasor carried less than the statutory minimum amount of insurance. We conclude, therefore, that an underinsured motorist should be considered an uninsured motorist—and an underinsured motor vehicle should be considered an uninsured motor vehicle—for purposes of Missouri's uninsured motorist protection statute, § 379.203.1.

\* \* \* \* \* \*

Consistent with this public policy, we hold that an injured motorist may recover under his uninsured motorist coverage

if his injury is caused by an underinsured motorist. This recovery is limited to the difference between the tortfeasor's liability insurance and the minimum liability requirements under the Safety Responsibility Law, § 303.030.5.

714 S.W.2d at 952.

This court does not read *Cook v. Pedigo,* to make underinsured accidents interchangeable with those where the negligent party has no insurance. *Cook* merely reached a common sense solution where the tortfeasor is "underinsured" to the extent of not having the minimum amount required by law, and required the uninsured policy to pick up the difference up to the $25,000 minimum of § 303.030.

The recent case of *Noll v. Shelter Insurance Companies,* 774 S.W.2d 147 (Mo. banc 1989), involved a suit by an injured plaintiff to collect on separate $100,000 policies of the wrongdoer's father. Both policies contained "other insurance" or anti-stacking provisions. *Id.* at 149. The opinion stated the coverage was "not mandated by statute at the time the liability arose, and so the parties were free to contract as to limits of coverage." *Id.* at 151. The court did not allow stacking where the coverage was purely "contractual." *Id.* at 152.

■ Without a legislative enactment prohibiting "other insurance" language in underinsured coverage this court will not strike down these exclusions. In this case the contract of insurance is clear—if another carrier paid $100,000 on underinsured benefits, the State Farm Policy was only excess and would not pay. This underinsurance coverage is optional, as opposed to a mandated uninsured provision which is paid for by the insured. Underinsurance coverage makes sense for motorists, but there exists no public policy reason for the courts to override the contract as written. *Adams v. Julius,* 719 S.W.2d 94, 101 (Mo. App.1986). If, without statutory intervention in this area, motorists and insurance carriers reach a contract for uninsured coverage that is not affected by "other insur-ance," they may do so. *See Bergtholdt, supra.*

The judgment is affirmed.

All concur.