STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Respondent,

v.

Sandra SOMMERS, Appellant.

No. 71340.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 14, 1997.

Thomas C. DeVoto, St.Louis, for appellant.

John A. Michener, St.Louis, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Sandra Sommers appeals from the judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm") in which the court found State Farm was not liable to her for underinsured motor vehicle coverage. Sommers argues the trial court erred by failing to consider the language of the policy as a whole; in that the language of Coverage W, Limit of Liability provision, and the language of Other Underinsured Motor Vehicle Coverage provision are irreconcilable and create an ambiguity.[1] We affirm.

1. In her brief, Sommers failed to comply with Rule 84.04(e) because her argument does not strictly follow her point on appeal. Nevertheless, after reviewing briefs submitted by Sommers and State Farm, we are able to discern the sole issue argued by both parties. Thus, we gratuitously review Sommers' appeal.

The parties submitted the case to the trial court on stipulated facts. On March 12, 1993, an automobile driven by Sandy Craig and an automobile driven by Kristine Kirchner were involved in an accident. At the time of the accident, Sandra Sommers was a passenger in the car owned and operated by Kirchner. Sommers sustained serious injuries. Sommers filed claims against both Kirchner and Craig. Craig's insurer paid $50,000 to Sommers. Kirchner's insurer paid $50,000 for liability coverage plus $50,000 for underinsured motorist coverage to Sommers. Sommers' father, Henry Sommers, with whom Sommers resided, owned an automobile insurance policy issued by State Farm. Sommers sought underinsured motorist benefits from State Farm under her father's policy.

In response to Sommers' claim, State Farm petitioned the court for a Declaratory Judgment to determine that "the underinsured motorist coverage provided by the Sommers policy would apply only as excess to that already paid to defendant by the Kirchner policy, but only in the amount by which it exceeds the Kirchner policy; that its amount (Fifty Thousand Dollars ($50,000)) does not exceed the Kirchner policy (also Fifty Thousand Dollars ($50,000.00)[sic] at all; and that therefore State Farm owes defendant nothing under the Sommers policy and has no liability to defendant whatsoever." The court determined State Farm was not liable under Coverage W. This appeal followed.

 In a case tried on stipulated facts, the only issue on appeal is whether the court drew the proper legal conclusions from the stipulated facts. *National Advertising v. Missouri State Hwy. and Tr. Com'n.*, 862 S.W.2d 953, 954 (Mo.App.E.D.1993); *Schroeder v. Horack*, 592 S.W.2d 742, 744 (Mo. 1979). In a court-tried case, our standard of review is that the court's decision will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976).

 An ambiguity arises when the meaning of the contract language is uncertain, indistinct or duplicitous. *Rodriguez v. General Acc. Ins. Co.*, 808 S.W.2d 379, 382 (Mo.banc 1991). A court may not create an ambiguity, but must enforce the contract as written, absent a statute or public policy requiring coverage. *Id.* There is no public policy requirement in Missouri for underinsured motorist coverage. *Id.* at 383.

 Sommers argues the court failed to consider the policy as a whole because Limits of Liability, Coverage W, paragraph 5 ("Limit of Liability"), is irreconcilable with paragraph 3 of Other Underinsured Motor Vehicle Coverage, ("Other Underinsured") creating an ambiguity in the policy. Following is the policy language to which Sommers refers:

Limits of Liability

Coverage W

. . .

5. The most we pay will be the lesser of:
 a. the difference between the amount of the insured's damages for bodily injury, and the amount paid to the insured by or for any person or organization who is or may be held legally liable for the bodily injury; or
 b. the limits of liability of this coverage.

\* \* \*

If There is Other Underinsured Motor Vehicle Coverage

. . .

3. If the insured sustains bodily injury while occupying a vehicle not owned by you, your spouse or any relative, this coverage applies:
 a. as excess to any underinsured motor vehicle coverage which applies to the vehicle as primary coverage, but
 b. only in that amount by which it exceeds the primary coverage.

The Limit of Liability language clearly sets forth the **most** the company will pay for underinsured motorist coverage; i.e., either the difference between insured's damages and amounts paid by others legally responsible or the policy's limit of liability. Thus,

the Limit of Liability sets forth the maximum amount State Farm will pay in plain, unequivocal terms. On the other hand, the Other Underinsured language sets limits on the amount that State Farm will pay in addition to primary coverage on the vehicle. A reading of the two sections together does not render the policy ambiguous. The Limit of Liability section cannot be construed to set an exact or a minimum amount State Farm will pay. Rather, the Limit of Liability language clearly sets a maximum amount which may be paid, while the Other Underinsured language clearly sets forth the criteria for underinsured motorist coverage. Thus, Limit of Liability, specifying the most the company will pay, and Other Underinsured specifying criteria for underinsured motorist payment are not duplicitous, uncertain or indistinct. Sommers' assertion that an ambiguity is created by the two clauses fails.

In *Geneser v. State Farm Mut. Auto. Ins. Co.*, 787 S.W.2d 288, 289 (Mo.App.1989), a case similar to Sommers, the Western District held the court will not override policy language to allow stacking of multiple insurance policies, when the policy contains optional underinsured motorist coverage with "other insurance" provisions. Geneser was killed in an automobile accident. His son owned the automobile, which was insured by American Family Insurance. His widow collected $25,000 from the tortfeasor, who confessed judgment of $225,000. She also collected $100,000 for underinsured coverage from American Family. She then attempted to collect from her own insurance policy through State Farm which also provided underinsured coverage of $100,000. Her policy contained an "other underinsured" clause which limited coverage to an amount in excess of the other policy's coverage. The court held it would not strike down the policy exclusions nor override the contract as written. *Id.* at 291.

Similarly, in this case, the policy language is clear. We will not override the contract.

Sommers relies on *Krenski, Zemelman* and *Jackson* to support her assertion that State Farm is not entitled to a set off for the $50,000 underinsured motorist coverage paid to her under Kirchner's policy. However, *Krenski, Zemelman* and *Jackson* are not applicable in this case. *Krenski v. Aubuchon*, 841 S.W.2d 721 (Mo.App. E.D.1992); *Zemelman v. Equity Mutual Ins. Co.*, 935 S.W.2d 673 (Mo.App. W.D.1996); *Jackson v. Safeco Insurance Co. of America*, 949 S.W.2d 130 (Mo.App.1997). The language of the excess insurance clause in this case is not similar to the language of the excess insurance clauses in the three cases. In *Krenski, Zemelman* and *Jackson*, the "other insurance" clause could reasonably be interpreted to provide coverage in excess of all other applicable coverage. Here, the excess insurance clause clearly states the coverage is excess only in the "amount by which it exceeds primary coverage." Such language could not reasonably be interpreted to provide coverage as excess to any other coverage. Thus, Sommers' reliance on the three cases is misplaced.

■ In addition, Sommers presents a lengthy argument (not raised in her point on appeal) that the insurance policy is a contract of adhesion, claiming her father did not receive his reasonable expectations from his insurance contract. An issue which is not raised in the trial court is not preserved for appeal. *Johnson v. State*, 925 S.W.2d 834, 835 (Mo.banc 1996). Sommers failed to raise the issue of contract of adhesion and reasonable expectations at the trial court. Thus Sommers is barred from raising such issues on appeal.

The language of the policy is clear and unambiguous, and not against public policy. Therefore, the plain language of the insurance policy prevails. Point denied.

The judgment of the trial court is affirmed.

SIMON and HOFF, JJ., concur.