**William E. OTTO, Plaintiff/Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant/Respondent.**

No. 72669.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 24, 1998.

Matthew J. Padberg, Mary Munroe, St. Louis, for plaintiff/appellant.

Gary Paul, Karen Speiser, St. Louis, for defendant/respondent.

Before AHRENS, P.J., and CRANDALL and KAROHL, JJ.

PER CURIAM.      .

Plaintiff, William E. Otto, appeals from the grant of summary judgment in favor of defendant, State Farm Mutual Automobile Insurance Company (State Farm), in an action seeking judgment against State Farm pursuant to an underinsured motorist provision in an insurance policy. We affirm.

The undisputed facts in the record are that on October 22, 1994, plaintiff's daughter, Michelle Otto (daughter), was a passenger in an automobile owned and operated by Timothy Faulstich. She was killed when Faulstich's automobile was involved in a collision with a vehicle owned and operated by Robyn Counts.

Counts' automobile was insured with Allstate Insurance Company (Allstate), with a policy limit of $25,000.00. Faulstich's automobile was insured by American Family Insurance Company (American Family) and contained an underinsured motorist provision for the amount of $25,000.00. Allstate and American Family each paid plaintiff $25,000.00, the limits under the respective policies.

Daughter also had an automobile insurance policy with State Farm with $25,000.00 underinsured motorist coverage. The pertinent provisions of that policy read as follows:

(1) **UNDERINSURED MOTOR VEHICLE—COVERAGE W**

You have this coverage if "W" appears in the Coverages space on the declarations page.

We will pay damages for **bodily injury** an **insured** is legally entitled to collect from the owner or driver of an **underinsured motor vehicle**. The **bodily injury** must be caused by accident arising out of the operation, maintenance or use of an **underinsured motor vehicle**.

THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.

**Underinsured Motor Vehicle**—means a land motor vehicle.

(1) the ownership, maintenance or use of which is insured or bonded for bodily injury liability at the time of the accident; and

(2) whose limits of liability for bodily injury liability:

(a) are less than the amount of the **insured's** damages; or

(b) have been reduced by payments to **persons** other than the **insured** to less than the amount of the **insured's** damages.

(2) **LIMITS OF LIABILITY COVERAGE W**

1. The amount of coverage is shown on the declaration page under 'Limits of Liability—W—Each Person, Each Accident'. Under 'Each Person' is the amount of coverage for all damages, including damages for care and loss of services, arising out of and due to **bodily injury** to one **person**. Under 'Each Accident' is the total amount of coverage, subject to the amount shown under 'Each Person', for all such damages arising out of and due to **bodily injury** to two or more **persons** in the same accident.

5. The most we pay will be the lesser of:

(a) the difference between the amount of the **insured's** damages for **bodily injury**, and the amount paid to the **insured** by or for any **person** or organization who is or may be held legally liable for the **bodily injury**; or

(b) the limits of liability of this coverage.

(3) **OTHER INSURANCE COVERAGE**

**If There Is Other Underinsured Motor Vehicle Coverage**

3. If the **insured** sustains **bodily injury** while **occupying** a vehicle not owned by **you, your spouse** or any **relative**, this coverage applies:

(a) as excess to any underinsured motor vehicle coverage which applies to the vehicle as primary coverage, but

(b) only in the amount by which it exceeds the primary coverage.

If coverage under more than one policy applies as excess:

(a) the total limit of liability shall not exceed the difference between the limit of liability of the coverage that applies as primary and the highest limit of liability of any one of the coverages that apply as excess; and

(b) we are liable only for our share. Our share is that percent of the damages that the limit of liability of this coverage bears to the total of all underinsured motor vehicle coverage applicable as excess to the accident.

Plaintiff requested payment from State Farm in the amount of the underinsured motorist coverage of daughter's policy. When State Farm denied coverage, plaintiff brought the present action. State Farm filed a motion for summary judgment on the basis that the **"OTHER INSURANCE COVERAGE"** provision of the policy obligated it to pay only the amount that exceeded the coverage under the underinsured motorist provision of Faulstich's American Family policy.

Plaintiff's sole point on appeal is that the trial court erred in granting summary judgment in favor of State Farm. He argues an ambiguity exists in the policy because there is a conflict between the language of the **"OTHER INSURANCE COVERAGE"** provision and the **"UNDERINSURED MOTOR VEHICLE"** and **"LIMITS OF LIABILITY COVERAGE"** provisions, in that the two latter provisions require State Farm to pay the difference between daughter's *damages* and the amount paid by any other insurance. In contrast, the **"OTHER INSURANCE COVERAGE"** provision permits State Farm to set off daughter's underinsured motorist coverage against other underinsured motorist coverage limits, regardless of her damages. Plaintiff asserts the policy's attempt to

take away what it has already given in previous provisions constitutes an ambiguity.

To be entitled to summary judgment, the movant must establish that there are no issues of material fact and that he is entitled to judgment as a matter of law. Rule 74.04. The propriety of a summary judgment is purely an issue of law. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993).

This court addressed the same issue in *State Farm Mut. Auto. Ins. Co. v. Sommers,* 954 S.W.2d 18 (Mo.App. E.D.1997). In that case, the challenged provisions contained language identical to that in the policy provisions at issue and the plaintiff also argued that the inconsistent language of the provisions created an ambiguity. *Id.* at 19. This court rejected the plaintiff's argument and found that the policy language was clear. *Id.* at 20. We are constrained to follow the *Sommers* decision and find that the language of the insurance policy before us is not ambiguous. Plaintiff's point is denied.

The judgment of the trial court is affirmed.