

# In the
# Missouri Court of Appeals
## Western District

NATIONWIDE INSURANCE
COMPANY OF AMERICA,

              Respondent,

v.

MATTHEW P. SIX,

              Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

**WD84631**

**OPINION FILED:  June 21, 2022**

**Appeal from the Circuit Court of Cass County, Missouri**
The Honorable William B. Collins, Judge

Before Division Three:  Gary D. Witt, Presiding Judge, Anthony Rex Gabbert, Judge and
W. Douglas Thomson, Judge

Matthew Six ("Six") appeals the judgment of the Circuit Court of Cass County ("trial court"), following a bench trial on stipulated facts, in favor of Nationwide Insurance Company of America ("Nationwide").  Six's sole point on appeal argues the trial court erred in entering judgment in favor of Nationwide because Nationwide failed to sustain its burden of demonstrating that the provision of the insurance policy upon which it relied unambiguously applied and eliminated the underinsured motorist ("UIM") coverage under the policy in that there is uncertainty in the policy language.  Finding no error, we affirm.

## Factual Background

The parties submitted the case on stipulated facts to the trial court. Nationwide issued an automobile insurance policy ("Nationwide Policy") to Six, as named insured, which was effective at the time of the accident at issue. The Nationwide Policy provided insurance on two vehicles owned by Six. The Nationwide Policy provides underinsured motorist coverage ("UIM"), subject to certain provisions, conditions, definitions, limitations, and exclusions. The Nationwide Policy limit of liability for UIM coverage is $250,000 per person. The Nationwide Policy contains an "Other Insurance" clause, which states, in relevant part:

> If there is other applicable underinsured motorists coverage available under one or more policies or provisions of coverage:
>
>         \*        \*        \*
>
> 3. Any underinsured motorists coverage we provide with respect to a vehicle you do not own shall be excess over any other collectible underinsured motorist insurance providing coverage on a primary basis and will apply only in the amount that our limit of liability as stated in the Declarations exceeds the sum of the applicable limits of liability of all other applicable underinsured motorists coverage limits that have been paid.

On April 9, 2014, Six was injured in an automobile accident while driving a vehicle owned by his employer caused by the negligence of another motorist, Amber Ralston ("Ralston"). Property & Casualty Insurance Company of Hartford ("Hartford") issued an automobile insurance policy to Six's employer as the named insured, which was in effect at the time of the accident. The Hartford policy provided UIM coverage with a limit of $1,000,000 per person. Six obtained a judgment against Ralston in the amount of $1,440,477.58. Six received $100,000 from Ralston's insurer, Progressive, representing

2

the limit of liability for Ralston's liability policy. Hartford paid Six $1,000,000 pursuant to the Hartford policy's UIM coverage on the employer's vehicle. The parties stipulated that Six is entitled to UIM coverage under Nationwide's Policy unless paragraph 3 of the policy's "Other Insurance" provision set forth above applies to exclude coverage. Six demanded $250,000 from Nationwide pursuant to the Nationwide Policy's limit of liability for UIM coverage. Nationwide filed a declaratory judgment action in the trial court and argued paragraph 3, the Other Insurance clause of its policy, bars recovery from Nationwide because Six had obtained a $1,000,000 payment pursuant to the UIM coverage provided in the Hartford Policy; thus, the Nationwide Policy's Other Insurance clause precludes UIM coverage under its own policy.

The trial court held a bench trial, which consisted of the parties' stipulated facts, exhibits, and arguments of counsel. On June 21, 2021, the trial court entered its judgment in favor of Nationwide. This appeal follows.

### Standard of Review

"The interpretation of an insurance policy, and the determination whether coverage and exclusion provisions are ambiguous, are questions of law that [we] review[] de novo." *Mendenhall v. Prop. & Cas. Ins. Co. of Hartford*, 375 S.W.3d 90, 92 (Mo. banc 2012). "When a case is tried on stipulated facts, the only issue we review on appeal is whether the trial court reached the proper legal conclusions from the stipulated facts." *Yager v. Shelter Gen. Ins. Co.*, 460 S.W.3d 68, 71 (Mo. App. W.D. 2015).

**Analysis**

Six argues he is entitled to coverage under the UIM provisions of Nationwide's Policy because the relevant language of the policy is ambiguous and, thus, should be construed against Nationwide as the insurer-drafter.

"In construing the terms of an insurance policy, this Court applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance[.]" *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. banc 2009). "The general rule in interpreting insurance contracts is to give the language of the policy its plain meaning." *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548, 554 (Mo. banc 2014). "Where provisions of an insurance policy are ambiguous, they are construed against the insurer." *Kromback v. Mayflower Ins. Co.*, 827 S.W.2d 208, 210 (Mo. banc 1992). An ambiguity exists only when a phrase is "reasonably open to different constructions." *Mendenhall*, 375 S.W.3d at 92.

"Absent an ambiguity, however, Missouri appellate courts do not resort to canons of construction." *Allen*, 436 S.W.3d at 554. "If the policy's language is unambiguous, it must be enforced as written." *Id.* "Courts may not unreasonably distort the language of a policy or exercise inventive powers for the purpose of creating an ambiguity where none exists." *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 163 (Mo. banc 2007). "Definitions, exclusions, conditions[,] and endorsements are necessary provisions in insurance policies. If they are clear and unambiguous within the context of the policy as a whole, they are enforceable." *Id.*

4

The relevant language of the Other Insurance Clause found in the Nationwide Policy, the application of which is in dispute, states:

> If there is other applicable underinsured motorists coverage available under one or more policies or provisions of coverage:
>
>      *      *      *
>
> 3. Any underinsured motorists coverage we provide with respect to a vehicle you do not own shall be excess over any other collectible underinsured motorist insurance providing coverage on a primary basis and will apply only in the amount that our limit of liability as stated in the Declarations exceeds the sum of the applicable limits of liability of all other applicable underinsured motorists coverage limits that have been paid.

Six argues the phrase in paragraph 3, "with respect to a vehicle you do not own" is ambiguous and should be construed against Nationwide. Because the Nationwide Policy was issued with respect to a vehicle Six *does* own, Six argues, paragraph 3 is inapplicable to this case. And if paragraph 3 does not apply, the limitation found at the end of paragraph 3, that the excess UIM coverage applies only in the amount that "exceeds the sum of the applicable limits of liability of all other applicable underinsured motorists coverage limits that have been paid," also does not apply. The parties agree that if paragraph 3 applies, Nationwide is not obligated to pay Six under the policy because Nationwide Policy's limit of liability for UIM coverage of $250,000 does not exceed the sum of the applicable limits that have already been paid under other UIM coverage limits, i.e., the $1,000,000 UIM coverage payment paid by Hartford. The parties further agree that if paragraph 3 is ambiguous and inapplicable, the $1,000,000 Hartford payment is irrelevant, and Nationwide must tender $250,000 in UIM coverage to Six.

Missouri courts have held Other Insurance clauses are valid, specifically, provisions within Other Insurance clauses that preclude or limit payment when other UIM payments

5

have been tendered and exceed the limit of liability in the relevant policy. *See Graham v. State Farm Mut. Auto. Ins. Co.*, 376 S.W.3d 32 (Mo. App. E.D. 2012); *State Farm Mut. Auto. Ins. Co. v. Sommers*, 954 S.W.2d 18 (Mo. App. E.D. 1997); *Buehne v. State Farm Mut. Auto. Ins. Co.*, 232 S.W.3d 603 (Mo. App. E.D. 2007). For example, in *Graham*, Francis Graham ("Graham") was injured while riding in a vehicle owned by Laurence Green ("Green"). 376 S.W.3d at 33. The vehicle that struck Green's vehicle was driven by Abbie Munoz ("Munoz"). *Id.* Graham settled with Munoz's insurer for $25,000 under her automobile liability coverage. *Id.* Graham also collected $100,003 in UIM coverage from Green's insurer, representing the limit of liability for UIM coverage under Green's automobile insurance policy. *Id.* Graham attempted to collect $100,000 in UIM coverage from his own automobile insurance policy insurer, State Farm. *Id.* The State Farm policy contained an Other Insurance clause, which stated:

> If the insured sustains bodily injury while occupying a vehicle not owned or leased by you, your spouse or any relative, this coverage applies:
>
> (a) as excess to any underinsured motor vehicle coverage which applies to the vehicle as primary coverage, but
>
> (b) only in the amount by which it exceeds the primary coverage.

*Id.* at 34. The Eastern District of this Court held the Other Insurance clause applied and precluded UIM payment to Graham because it did not conflict with other provisions of the policy. *Id.* at 35. Because Graham had already collected $100,003 from Green's UIM coverage, he could not recover $100,000 from his own UIM coverage under the language of the State Farm policy because it would not have exceeded the amount of primary UIM coverage already paid. *Id.*

6

Six distinguishes *Graham* from this case because the language in the respective policies differs. The Other Insurance clauses applicable in *Graham* stated, "If the insured sustains bodily injury while occupying a vehicle not owned or leased by you, your spouse or any relative, this coverage applies . . . ." *Id.* at 34. Whereas the provision in *Graham* applied when an insured "occupies" a vehicle not owned by the insured, the Nationwide Policy's Other Insurance paragraph 3 applies "*with respect to* a vehicle you do not own." (emphasis added). In this case, the trial court found that paragraph 3, "coverage we provide with respect to a vehicle you do not own[,]" applies "when the insured is occupying a vehicle he does not own." Six argues this was error because the differing language between the policies is significant; that is, if the applicability of paragraph 3 depended on the *involvement* of the vehicle, the policy would have said so. Six points to other provisions of the Nationwide Policy that stated, "[T]his policy provides primary underinsured motorists coverage where your covered auto is *involved*." (Emphasis added). Further, certain provisions of the Nationwide Policy apply "while *occupying* or struck by a vehicle[.]" (Emphasis added). Therefore, given the varying language found in the Nationwide Policy and its distinction from *Graham*, Six argues paragraph 3 does not unambiguously apply and is therefore open to more than one reasonable interpretation.

Although we recognize that the policy language in *Graham* differs from that found in the Nationwide Policy, we disagree with Six that paragraph 3 is ambiguous. The plain language of the policy makes it applicable when UIM coverage is provided "with respect to a vehicle you do not own." "UIM coverage is floating, personal accident insurance that follows the insured individual wherever he goes rather than insurance on a particular

7

vehicle." *Long v. Shelter Ins. Co.*, 351 S.W.3d 692, 696 (Mo. App. W.D. 2011). This means UIM coverage applies if an insured suffers an injury while in a vehicle he/she owns, or if an insured suffers an injury while in a vehicle he/she does not own. The Nationwide Policy's UIM provision and Other Insurance clause provides coverage for both scenarios. Paragraph 2 of the Other Insurance clause sets forth coverage for the first scenario and states, "This policy provides primary underinsured motorists coverage where 'your covered auto' is involved." Paragraph 3 sets forth coverage for the second scenario, when an insured is injured with respect to a vehicle he/she does not own. The structure of the Other Insurance clause, when read as a whole, reveals that paragraph 3 is unambiguous in its application. Six was injured while driving a vehicle he did not own, which is governed by paragraph 3, rather than primary UIM coverage under paragraph 2, which would apply if Six was injured in his own vehicle. Under paragraph 3, Nationwide agreed to provide excess UIM coverage over other collectible UIM coverages that apply on a primary basis. Therefore, paragraph 3 applies and provides excess UIM coverage for this scenario, subject to the limitations contained in remaining portions of the Other Insurance clause.

Other sections of the Nationwide Policy describe "occupying" a vehicle or "involvement" with a vehicle, such as paragraph 2 of the Other Insurance clause, and Six argues Nationwide should have used this language instead in order to be clear as to the policy's application. But providing that UIM coverage applies "with respect to a vehicle you do not own" is even more encompassing than "occupying" a vehicle or the "involvement" of a vehicle. In this manner, consistent with the nature of UIM coverage as floating coverage, Nationwide has used language to ensure paragraph 3 applies in *any*

8

situation in which an insured makes a claim not associated with a vehicle the insured owns. This is the case here. Six was injured while driving his employer's vehicle, i.e. not a vehicle he owns. The Nationwide Policy's UIM coverage still applies because it is floating coverage and follows the insured rather than a particular vehicle. However, because the UIM coverage is being applied with respect to a vehicle Six does not own, the limitations regarding Other Insurance found in paragraph 3 are triggered. Namely, Nationwide will only provide UIM coverage when the amount of that coverage exceeds other collectible UIM coverages. Here, Hartford paid Six $1,000,000 in UIM coverage under the employer's policy, and because the Nationwide Policy limits the maximum UIM coverage to $250,000, which is less than the amount of UIM coverage already collected through the Hartford policy, Nationwide is not obligated to pay Six under the terms of its policy.

Six further argues the trial court's reliance on *Ritchie*, 307 S.W.3d at 137, was erroneous because the Missouri Supreme Court in *Ritchie* was not asked to interpret the Other Insurance clause, which is identical to the relevant language in paragraph 3 of the Nationwide Policy. In *Ritchie*, the Court addressed whether an automobile policy containing an Other Insurance clause authorized "stacking" of policies to allow the parents of a deceased auto passenger to recover under their UIM coverage. *Id.* Kelsey Ritchie ("Ritchie") was a passenger in a vehicle driven by Noah Heath ("Heath"), which was struck by a vehicle driven by Adam Tomblin ("Tomblin"). *Id.* at 134. Ritchie died in the collision, and her parents ("the Ritchies") obtained a $1.8 million judgment against Heath and Tomblin. *Id.* Ritchie was insured under an automobile insurance policy that the Ritchies purchased from Allied ("Allied Policy"). *Id.* The Allied Policy insured three vehicles

9

owned by the Ritchies, and the Ritchies paid separate premiums for the vehicles, including UIM coverage of $100,000 per person. *Id.* The Court analyzed various provisions of the Allied Policy, including the Other Insurance clause, and held certain provisions conflicted with each other such that they must be interpreted in favor of the Ritchies, resulting in the policies being stacked to permit recovery. *Id.* Because the Court's holding did not directly address the language of the Other Insurance clause as it relates to the argument Six presents, Six argues *Ritchie* is inapplicable here. We acknowledge that "[j]udicial decisions must be construed with reference to the facts and issues of the particular case, and that the authority of the decision as a precedent is limited to those points of law which are raised by the record, considered by the court, and necessary to a decision. *Parker v. Bruner*, 683 S.W.2d 265, 265 (Mo. banc 1985)." *Byrne & Jones Enters., Inc. v. Monroe City R-1 Sch. Dist.*, 493 S.W.3d 847, 855 (Mo. banc 2016). However, although not directly on point, we find *Ritchie* persuasive. Even though the Court in *Ritchie* was not asked to interpret the Other Insurance clause in a manner relevant to Six's argument, the Court set forth the mechanics of the relevant Other Insurance clause as it applied to the parties involved in the dispute. The Court stated:

> [Ritchie] was injured while riding in a vehicle not owned by her or her parents. Subsection (2) of the other insurance provision, therefore, is applicable. As just quoted, this means the underinsured coverage under the policy shall be excess over any other collectible underinsured motorist coverage when, as in this case, an insured is injured while riding in a non-owned vehicle.

*Ritchie*, 307 S.W.3d at 137 (internal quotations omitted). The Court analyzed the relevant Other Insurance clause and opined that it applies when "an insured is injured while riding

10

in a non-owned vehicle." The Other Insurance clause applied to Ritchie because she was injured as a passenger in a vehicle that neither her parents nor Kelsey Ritchie owned. Therefore, Ritchie was injured "with respect to" a vehicle she did not own. Here, Six was similarly injured while driving a vehicle he did not own. Because we are persuaded by the Court's analysis of the Other Insurance clause in *Ritchie*, we conclude that, like Ritchie, under the terms of the policy Six was injured "with respect to a vehicle [he] [did] not own[,]" and paragraph 3 of the policy applies to this action.

The same is true regarding *Johnson v. Safeco Insurance Company of Illinois*, 983 F.3d 323 (8th Cir. 2020). In *Johnson*, Johnson was injured in a collision while driving a vehicle owned by her employer. *Id.* at 326. The tortfeasor's insurer provided $25,000 in liability coverage, and the employer's insurer provided $1,000,000 in UIM coverage. *Id.* Johnson attempted to recover from her own insurer, Safeco, which issued a policy to Johnson containing a $250,000 per person limit for UIM coverage. *Id.* The Safeco policy contained an Other Insurance clause with identical relevant language to the Other Insurance clause in the Nationwide policy. It read:

> 2. Any underinsurance motorist coverage we provide with respect to a vehicle you do not own shall be excess over any collectible underinsured motorist insurance providing coverage on a primary basis. However, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto.

*Id.* at 327. The Court analyzed whether Johnson's UIM coverage could be stacked with other coverages and held Johnson was not entitled to payments under the UIM coverage of the Safeco policy.

Along with *Ritchie*, Six argues *Johnson* is inapplicable here because the court in *Johnson* was not asked to interpret the identical Other Insurance clause. However, like *Ritchie*, the Eighth Circuit explained the mechanics of the application of the Other Insurance Clause. In its discussion, the court stated, "[B]ecause Johnson was driving a vehicle she did not own at the time of the accident, Safeco's policy applied as 'excess over any collectible underinsured motorist insurance providing coverage on a primary basis.'" *Id.* at 330. The court reasoned the provision of the Other Insurance clause applied because Johnson was driving a vehicle she did not own. *Id.* Here, too, it is clear that because Six was driving a vehicle he did not own, Nationwide would be providing UIM coverage "with respect to a vehicle you do not own." Therefore, paragraph 3 of the Other Insurance clause in the Nationwide Policy applies and limits Nationwide's obligations to provide UIM coverage only in the amount that exceeds other collectible UIM coverage. And as excess coverage, Nationwide must only pay that which "exceeds the sum of the applicable limits of liability of all other applicable [UIM] coverage limits that have been paid." Six received $1,000,000 in UIM payments from Hartford, and the $250,000 UIM coverage in the Nationwide policy does not exceed $1,000,000. Therefore, paragraph 3 of the Other Insurance clause in the Nationwide policy precludes payment to Six.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
Gary D. Witt, Judge

All concur

12